UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS – SHERMAN DIVISION

FILED
AUG 27 2021
Clerk, U.S. District Court
Eastern District of Texas

Mr. Michael Moates

Plaintiff

v.

Lone Star College System,

Dr. Hrisafia Bekiaris,

Dr. Jess Kelly,

Leslieann Thomas,

Dr. Christopher Allen, and

Alicia Guevara

Defendants

Case No.: 21-6417-362

MOTION TO SET ASIDE JUDGEMENT

AND

DECLARE SETTLEMENT

AGREEMENT INVALID

1. Plaintiff Michael Moates respectfully moves this court to set aside the judgement (dkt 5) and Stipulation of Dismissal (dkt 4) due to fraudulent misrepresentation on the part of the Defendants through their attorney Stephen Quezada.

2. Counselor Quezada did not have the Plaintiffs consent to file the stipulation until after the Plaintiff received a copy of the Settlement Agreement signed by Lone Star College (See Exhibit A).

3. Counselor Quezada despite not having the Plaintiffs consent filed the document on 17 August 2021 (dkt 4), despite the Plaintiff not consenting. (See Exhibit B).

4. In fact, the Plaintiff did not receive the document until a day later.

5. On 18 August 2021, both parties agreed to settle and signed a Settlement Agreement for the purposes of resolving the case. A separate Supplemental Agreement was to be signed after the completion of the final course – Nutrition.

**ISSUE ONE - COERCION**

6. The Plaintiff argues this contract was entered into under coercion.

7. They refused to follow their own policies unless the Plaintiff signed their agreement. For example, on 29 July, 30 July, 7 August, and 8 August, (See Exhibit C) the Plaintiff requested in writing to be withdrawn from the Human

1. Anatomy and Physiology course pursuant to the Catalog[1]. The Defendants never acted on the Plaintiffs request, and they intentionally waited until after the deadline so that the Plaintiff either signed the agreement or it would be a failure not a withdrawal. Furthermore, they denied the request to withdraw. (See Exhibit D).

8. In addition to the above, the Plaintiffs sought to benefit from the delay of withdrawal. As each week went by, the Plaintiff would get less money refunded to him for the withdrawal in accordance with the refund policy[2]. That would mean the college would continue to make money.

9. An important note in this claim is, the Plaintiff never participated in this class. Therefore, in accordance with the Syllabus, "Students that have not attended an in-class meeting or participated in an online class prior to the official day of record will be dropped from the course without exception. Official day of record for this course is 7/19/21.„ (See Exhibit E) So the Plaintiff should have been automatically withdrawn anyways.

**ISSUE TWO – FRAUDULENT MISREPRESENTATION**

**STATUTES: Texas Government Code 21.002**

10. The Defendants started acting maliciously at the onset of this litigation. On 29 July 2021, the Plaintiff was emailed by the colleges Chief Operating Officer and a member of the General Counsels Team, Nancy Molina. In this email she says "My understanding is that you may have also mentioned filing a lawsuit against the College. If that is the case, I would be the person receiving service. My contact information is below: Nancy Molina Associate General Counsel 5000 Research Forest Drive The Woodlands, Texas 77381.„ (See Exhibit F).

11. In an effort to avoid service (and to put the Plaintiff in a time crunch), once they retained counsel, Mr. Quezada said "I was made aware that you attempted to serve Lone Star and the other defendants named in your lawsuit by certified mail addressed to Nancy Molina. Ms. Molina is not an agent designated or authorized to accept service on behalf of Lone Star College System or any individual or employee of Lone Star. Your attempted service is therefore not proper. I am not authorized to accept service on behalf of Lone Star or anyone else. If you choose to pursue your lawsuit, you should properly serve Lone Star and all others you named.„ (See Exhibit G).

12. Only after the Plaintiff said "Regarding your statement about Mrs. Molina receiving service. See the attached photo showing an email from Mrs. Molina stating that she can receive service. Surely you are not suggesting that Deputy Chief Operating Officer & Associate General Counsel for Lone Star College made a factual affirmative

---

[1] https://www.lonestar.edu/catalog/#/policy/r1h8Xfied?bc=true&bcCurrent=Registration%20Procedures%20and%20Processes&bcItemType=policies
[2] https://www.lonestar.edu/refunds.htm#Course_Withdraw

misrepresentation about her representation and right to receive service on behalf of the college because that would then involve things like seeking a sanction, filing a complaint with the bar association, and sharing this with the media. This would be a grave ethics and rules violation under the Texas Disciplinary Rules of Professional Conduct Rule 4.01 (a) which states "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person;". I am confident with the email and recording of phone calls I have from Mrs. Molina that a judge will say the college was properly served and the Defendants were properly served in their capacity as employees of the college,, did he acknowledge the statement he made was false. Attempting to avoid service in Texas is a crime under Texas Government Code 21.002.

13. Furthermore, he made a factual representation to this court on 10 August 2021, that Defendants Dr. Hrisafia Bekiaris, Leslieann Thomas, and Dr. Jess Kelly. (Dkt 1 – Main). This was uncategorically false. Nancy Molina accepted service for these individuals on 5 August 2021. (See Exhibit H).

14. The settlement agreement was contrary to what they offered via telephone and email. In the contract, they state they don't have to classify the withdrawal a certain way (Exhibit 1) but it is clearly stated in emails that the withdrawal will be "for cause.,, (Exhibit I) They further admit this by sending an email with a letter stating it was for cause.

**ISSUE THREE – BREACH OF CONTRACT/FRAUDULENT MISREPRESENTATION**

15. In the original settlement agreement, the college agreed, "Student shall execute the Confidential Supplemental Release Agreement, attached hereto as Exhibit A, no sooner than the completion or conclusion of Nutrition and no later than August 31, 2021.,, (Exhibit 1) But on 26 August 2021, Counselor Quezada stated "LSC also wants me to let you know that it will continue to entertain this situation until 2pm central time, today. If you have not signed the second agreement by 2pm, central time, today, then LSC will consider it a repudiation by you and will move forward with all legal options available to it.,, (See Exhibit J).

16. Defendants have added a code/comment to the students record classifying his record as "See Administrator,, this also blocks his ability to request transcripts. (See Exhibit K) He must request permission to get is own record when it is policy to allow students to request records online.

**ISSUE THREE – CONTRACT IS AMBIGIOUS – CONFUSING**

17. First, the agreement states, "Student's dispute of or displeasure with the ultimate outcome of Nutrition, or any other course, shall not be considered a breach of this Agreement.,, This is unclear, and ambiguous given statements

later made by the attorney. First, dispute/displeasure is not specific. It does not say what it means. Furthermore, it is unclear what rights the student has to dispute a grade or other form of discrimination. As far as the Plaintiff is concerned, this is not a waiver of any rights.

18. Second, the agreement states, "LSC shall also be under no obligation to code Student's withdrawal or cessation of attendance in any particular manner.„ But this is simply false and contradictory. A little farther down in the contract they say "In exchange for the promises herein, student shall withdraw from BIOL 2401 ("A&P„). Student's withdrawal from the course shall be coded as a withdrawal "with good cause.„ As you can imagine, this is very confusing.

19. Furthermore, In the last paragraph of the same statement, it says "Student's agreement to not attend LSC in the future shall not be classified as a suspension or expulsion.„ This would mean they could not code it a certain way. Furthermore, they did code the withdrawal a certain way. They codified it as "See Administrator.„ On 25 August 2021, the removed the hold briefly but shortly added it back.

20. They state - ""Released Parties„ also includes all those named in the Lawsuit, Hrisafia Bekiaris, Jess Kelly, Leslieann Thomas, Christopher Allen, and Alicia Guevara, and all their respective heirs, successors, and assigns, personally and in their respective capacities at LSC„ but if Mrs. Molina cannot accept service for these individuals how can she enter said agreement on their behalf?

21. The agreement states "Such release includes, **but is not limited to**, the following„ but how can you agree to terms that are not defined? This is extremely ambiguous and is unclear.

22. It states "RENOUNCE any and all claims and causes of action, including all those asserted or which could have been asserted in the Lawsuit, whether legal, equitable, or administrative„„ but this would be illegal for multiple reasons but mainly because the Constitution of the United States guarantees your right to petition the government and freedom of speech. Furthermore, it also requires due process.

23. The agreement states, "claims arising under federal, state or local laws or regulations regarding students or prohibiting discrimination or retaliation such as, without limitation, on the basis of disability or engaging in **protected activity**„ Protected activity is not clear. The Plaintiff would interpret protected activity to mean any activity that is covered under the law. Including the right to file subsequent litigation, speak freely, petition the government, etc.

24. It further states, "all claims arising out of or in any way related to related to **Student's attendance or the conclusion of his attendance at LSC** and any alleged promises, oral or in writing, with Student made by LSC and/or the Released Parties,, but this is unenforceable as it relates to future events that had not happened. Furthermore, the Plaintiff has evidence to submit to the court showing he intended to keep his right to claims for the Nutrition course. Also, the statement would make the contract unenforceable by saying that the Plaintiff could not request any due process under a breach of this agreement.

25. It continues, "all claims for personal injury, harm, emotional distress or other damages (whether intentional or unintentional), including but not limited to all tort claims and claims for fraud, negligence, gross negligence, privacy, negligent misrepresentation, biometrics, misrepresentation, and defamation,, so what they are saying is they could physically harm the Plaintiff and he would have no recourse.

26. The Defendants wanted it to be unambiguous saying "release of claims in this Agreement to be as broad as is legally possible,, Their goal and intention was to take the disabled Plaintiff and make it so that he could not get the respective accommodations required by law. This was done with malicious.

27. It continues, "Student agrees not to disparage or make negative comments or statements (directly or indirectly), whether during or after his attendance concludes, regarding LSC or the Released Parties or to otherwise interfere with LSC's or the Released Parties' operations. Student further agrees both during or after his attendance concludes, not to solicit, encourage, advise, or assist others in bringing claims against LSC.,, This is unclear and not specific. Furthermore, it has been implied that if the Plaintiff talks to the elected-college Board of Trustees by public comment under the Open Meetings Act that he could be sued for breach. This is unclear and confusing mostly because this is not specific what is being waived. Speech, Due Process, Right to Petition, etc.? It is not understood and is confusing.

28. Under the confidentiality clause, the Defendants require the Plaintiff to get individuals approved to sign an agreement to confidentiality in order to discuss the facts of the case. However, the Plaintiff cannot force someone to sign a contract and by law has certain rights. For example, it says the student can only talk to his attorney if he gets the attorney to sign the confidentiality agreement, but the Plaintiff has the legal right to counsel and cannot force counsel to sign anything against their will. That would be coercion.

29. They also state that any court order or administrative process must be served to them. Again this would be illegal if the court required secrecy including a grand jury subpoena.

30. The Supplemental agreement states, "Knowing and Voluntary. Student agrees that he has thoroughly and carefully read this Supplemental Release Agreement in its entirety, had the opportunity to review this Supplemental Release Agreement with an attorney if he so chooses, had reasonable and adequate time to consider its terms, is informed and understands the meaning and effect of this Supplemental Release Agreement, and knowingly and voluntarily entering into this Supplemental Release Agreement, and without reliance of any representation made by LSC or Released Parties, except with regard to those promises made in this Supplemental Release Agreement.,, Here in lies the problem, they notified the Plaintiff on 26 August 2021 at 1:40 PM that he had 20 minutes to sign the agreement, or they were revoking it. This did not give the Plaintiff ample time to read the agreement nor was it reasonable to expect him to be available to sign it. Furthermore, in the original agreement they stated he had until 31 August 2021.

ISSUE FOUR – DEGRADING AND ABUSIVE COMMENTS/ACTIONS

31. On 24 August Counselor began his threats of litigation while the Plaintiff was engaging in good faith negotiations.

32. On 25 August 2021, the Plaintiff attempted to discuss that the comments made by the attorney were making him uncomfortable and causing his anxiety to rise. Her response was to say "Stephen Quezada represents the College in this matter,, and forward my email to him.

31. On 26 August 2021, Counselor Quezada engaged in personal degrading attacks against the Plaintiff stating, "Michael, You must be consulting with Rudy Giuliani or Sidney Powell.,, Referring of course to the conservative attorneys who have been in recent trouble. (Exhibit L)

ISSUE FIVE – DOCUMENTS NOT PROPERLY SERVED

32. To date, the Plaintiff has not agreed to receive documents via email. He has only agreed to communicate with the parties via email.

32. To date, the Stipulation of Dismissal (dkt 4) has not been properly served on the Plaintiff.

PRAYER FOR RELIEF

Whereas Plaintiff Moates relied on the attorneys to act in good faith;

Whereas Plaintiff Moates relied on the attorneys to be honest to him and the court;

Whereas Plaintiff Moates relied on the attorneys to follow court procedures;

Whereas Plaintiff Moates relied on the attorneys do not apply his signature without his consent;

1. Whereas Plaintiff Moates relied on Lone Star College to follow its policies;

2. Whereas Plaintiff Moates relied on Lone Star College and Attorneys to follow court procedure;

3. Whereas Plaintiff Moates relied on the attorneys to not bully, harass, or degrade him;

4. Whereas Plaintiff Moates expected to engage in good-faith negotiations;

5. Plaintiff Moates comes before the court:

6. **Requesting:**

7. 1. An order to set aside judgement;

8. 2. An order to consider the settlement agreement void;

9. 3. An order allowing for the submission of a 2nd Amended complaint with additional facts, and new parties.

Respectfully Submitted,

/s/ Michael S. Moates
Michael Moates, Pro Se
Michaelsmoates@gmail.com
817-999-7534
2700 Colorado Boulevard #1526, Denton, TX 76210

**CERTIFICATION OF SERVICE**

**PERSUANT TO RULE (5)(B)(1), THE ATTORNEY REPRESENTING HAS BEEN SERVED VIA EMAIL. FURTHER, THE PLAINTIFF APPEARING PRO SE AT THIS TIME REQUESTS THAT THE CLERKS OFFICE SEND IT VIA THE COURT'S ELECTRONIC-FILING SYSTEM.**

Respectfully Submitted,
/s/ Michael S. Moates
Michael Moates, Pro Se
Michaelsmoates@gmail.com
817-999-7534
2700 Colorado Boulevard #1526, Denton, TX 76210