IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MR. MICHAEL MOATES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIV. A. NO. 4:21-cv-00631-SDJ-KPJ |
| | § | |
| LONE STAR COLLEGE SYSTEM, | § | |
| DR. HRISAFIA BEKIARIS, DR. JESS | § | |
| KELLY, AND LESLIEANN THOMAS, | § | |
| DR. CHRISTOPHER ALLEN, AND | § | |
| ALICIA GUEVARA, | § | |
| | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**Defendant Lone Star College System District's Response to Plaintiff Michael Moates's Motion to Set Aside Judgment and Declare Settlement Agreement Invalid**

Defendant Lone Star College System District ("LSC") files this Response to *pro se* Plaintiff Michael Moates's Motion to Set Aside Judgment and Declare Settlement Agreement Invalid (the "Motion"), and requests that it be, in all things, denied.[1]

### I.     Summary of the Response and Argument

Moates is a former student of LSC. LSC is a junior college and political subdivision of the State of Texas. Moates's lawsuit asserted various claims premised on an alleged failure to accommodate his disabilities. LSC entered into a settlement agreement with Moates to resolve the lawsuit. Based on the settlement agreement, LSC and Moates filed a Joint Stipulation of Dismissal with Prejudice on August 17, 2021. Dkt. 4. The Court entered a

---

[1] Moates is also before the Court in an unrelated matter (*Michael Moates, DC Chronicle, and DC Chronicle Limited v. Facebook, Inc. and AT&T, Inc.*, Civ. A. No. 4:21-cv-00694-ALM-KPJ). That case is a recasting of prior litigation against Facebook, Inc. (*Michael Moates v. Facebook Inc.*, No. 4:20-cv-896- ALM-KPJ).

dismissal with prejudice pursuant to FRCP 41(a)(1)(A)(ii) and terminated the case on August 19, 2021. Dkt. 5.

On August 21, 2021, Moates became unhappy with the grade he received in the final course in which he was enrolled. He then refused to comply with the terms of the settlement agreement, which required the execution of a supplemental release at the conclusion of that course, no matter the outcome. Thus, Moates changed his mind about the deal to which he agreed. He now seeks to "set aside" the "judgment" and "invalidate" the settlement agreement. But he has no basis for doing so.

A plaintiff cannot file a motion to set aside judgment "for the purpose of relieving [himself] from free, calculated, and deliberate choices he has made." *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2002). No more so is it the role of the courts "to protect parties from their own agreements." *El Paso Field Servs., L.P. v. MasTec N. Am., Inc.*, 389 S.W.3d 802, 810–11 (Tex. 2012).

Moates's Motion should be denied because:

(1) This case was properly dismissed with prejudice following LSC's and Moates's agreement to dismiss and the filing of a joint stipulation under Rule 41(a)(1);

(2) The settlement agreement is not properly before the Court, but, even if it were, Moates has identified no grounds to find it invalid; and

(3) Moates cannot satisfy his burden under Rule 60(b) to set aside the judgment.

## II.  Background

On July 29, 2021, Moates filed his Original Petition in the 362nd District Court of Denton County, Texas, Cause No. 21-6417-362, claiming that LSC failed to accommodate his disabilities. Dkt. 1, Exhibit B. Moates subsequently filed an Amended Petition that asserted claims under the ADA, Section 504 of the Rehabilitation Act, and the Family Educational and Privacy Rights Act (28 U.S.C. § 1232), as well as violation of the Texas Constitu-

tion, Texas Deceptive Trade Practices Act, and for Intentional Infliction of Emotional Distress. Dkt. 1, Exhibit C.

On August 10, 2021, LSC timely removed Moates's lawsuit to this Court. *See* Dkt. 1. Soon thereafter, Moates and LSC agreed to resolve all claims through a settlement agreement titled the Confidential Release Agreement (the "Agreement"). LSC delivered a draft of the Agreement to Moates on August 12 at 1:45 p.m. *See* Exhibit 1.[2] Moates negotiated the terms of the Agreement and suggested revisions that went into it. *See* Exhibit 2. LSC delivered a revised agreement to Moates on August 13, 2021. Exhibit 3.

Moates executed the Agreement on August 13, 2021, and LSC executed on August 18, 2021. A true and correct copy of the Agreement is attached as Exhibit A.

On August 17, 2021 at 1:58 p.m., Moates sent counsel for LSC an email stating:



Exhibit 4.

Less than two hours later, counsel for LSC responded at 3:30 p.m., confirming that signature is pending and stating, "I will get the documents on file." *See* Exhibit 5.

---

[2] Attached as Exhibit B is the Declaration of Stephen J. Quezada, counsel for LSC, authenticating all exhibits.

Later the same day, on August 17, 2021, LSC filed the Joint Stipulation of Dismissal with Prejudice (the "Stipulation") pursuant to Federal Rule of Civil Procedure 41(a). *See* Dkt. 4. After filing the Stipulation, counsel for LSC emailed and physically mailed a copy to Moates. *See* Exhibits 6 and 7. Moreover, Moates received a copy of the filing via the ECF system. Exhibit 8. Indeed, Moates responded to the email from counsel for LSC in which the filed Stipulation of dismissal was sent to him. *See* Exhibit 9. He made no objection to the filing of the Stipulation. *See id.*

On August 19, 2021, the Court dismissed the case with prejudice. *See* Dkt. 5. Notice of this entry was also sent via the ECF system.

On August 26, 2021, after Moates was not pleased with a course outcome and Lone Star College would not bargain that outcome, Moates sent counsel for LSC an email in which he (a) stated for the first time that he did not consent to the Stipulation, (b) accused counsel of forgery, and (c) alerted LSC to his plan to file his Motion. *See* Exhibits 10 and 11. Moates filed the Motion that same day. Dkt. 7. LSC now responds.

### III. Legal Standards

#### A. Federal Rule of Civil Procedure 41(a).

Under Federal Rule of Civil Procedure 41(a), filing a voluntary dismissal of an action signed by all parties who have appeared results in automatic dismissal of the suit "without a court order." FED. R. CIV. P. 41(a)(1)(A)(ii). "After a dismissal the action is no longer pending in the court and no further proceedings in the action are proper." *Long v. Bd. of Pardons & Paroles of Tex.*, 725 F.2d 306, 307 (5th Cir. 1984); *U.S. v. One Lot or Parcel of Land, Being 5.994 Acres Out of and a part of James McCauley Survey, A-197, Situated in County of San Augustine, Tex.*, 758 F. Supp. 1158, 1159 (E.D. Tex. 1991) (finding that the court lacked jurisdiction following motion filed pursuant to Rule 41(a)(1)). "It is not error for a

district court to refuse to reactivate a finally dismissed former action." *Perkins v. Johnson*, 118 F. App'x 824, 825 (5th Cir. 2004).

### B. Federal Rule of Civil Procedure 60(b).

Where plaintiffs submit motions to the court requesting that a judgment be set aside, courts treat these motions as motions under Federal Rule of Civil Procedure 60(b). *See, e.g., Evenson v. Sprint/United Mgmt. Co.*, 2011 WL 3702627, at *4 (N.D. Tex. Aug. 23, 2011); *see also Yesh Music v. Lakewood Church*, 727 F.3d 356, 360 (5th Cir. 2013) (analyzing what constitutes a "judgment" and holding that dismissals without prejudice under Rule 41(a)(1) constitute judgments for purposes of a Rule 60(b) motion).

Under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)–(5). The court can also set aside a judgment for "any other reason that justifies relief," FED. R. CIV. P. 60(b)(6), however, this provision applies "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002). The burden to establish that extraordinary circumstances exist pursuant to Rule 60(b) is on the movant. *Evenson*, 2011 WL 3702627, at *4. Moates has not done so here.

### IV. Analysis

Moates's Motion should be denied because:

(1) This case was properly dismissed with prejudice following LSC's and Moates's agreement to dismiss and the filing of a joint stipulation under Rule 41(a)(1)(A);

(2) The settlement agreement is not properly before the Court, but, even if it were, Moates has identified no grounds to find it invalid; and

(3) Moates cannot satisfy his burden under Rule 60(b) to set aside the judgment.

5

### A. This case was properly dismissed with prejudice by stipulation pursuant to Rule 41(a)(1)(A).

In a voluntary dismissal, once requirements of Rule 41(a)(1)(A) are satisfied, the Court's jurisdiction is terminated. FED. R. CIV. P. 41. Those requirements are: (1) that a plaintiff file a notice of dismissal before the opposing party served with an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared. *Id*. When Moates and LSC filed the Stipulation, every requirement of Rule 41(a)(1)(A) was satisfied:

- The only parties who had appeared in this case, either in the federal district court or state court prior to removal, were Moates and LSC. *See* Dkt. 1.

- Moates and LSC both signed and agreed to the Stipulation. *See* Dkt. 4.

Notwithstanding the Court's Notice entered on August 19, 2021, the Stipulation was effective immediately upon filing on August 17, 2021. Dkt. 4; FED. R. CIV. P. 41(a)(1)(A); *SmallBizPros, Inc. v. MacDonald,* 618 F.3d 458, 461, 463 (5th Cir. 2010) (stating, "Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action. Any dismissal order entered by a district court after the filing of a voluntary dismissal is superfluous."). Dismissal was proper and final because each element of Rule 41(a)(1) was satisfied.

### 1. Moates's allegations that he did not agree to the Stipulation are baseless.

Moates alleges that LSC did not have his consent to file the Stipulation on August 17, 2021. Dkt. 7 at 1. Specifically, Moates argues that his use of the word "pending" did not authorize LSC to sign and file on his behalf. But that *post hoc* contention doesn't hold water.

Moates gave explicit instructions that the Stipulation could be filed "**with [Moates's] electronic signature on [Moates's] behalf pending the final signature**." Exhibit 4. Moates's instructions were confirmed with Moates prior to filing the Stipulation (Exhibit 5). The Stipulation was filed with Moates's consent. LSC's, and Moates's, actions are consistent with the ordinary meaning of "pending" and his unequivocal statement about filing the Stipulation, and the conduct of the parties before and after the filing of the Stipulation.

Pending means "during," "while awaiting," "not yet decided," or "imminent, impending."[3] LSC understood Moates's statement in accordance with plain meaning: *the Stipulation could be signed on Moates's behalf "while awaiting" the final signature*. As such, LSC gave Moates notice of its understanding of the statement by telling him that LSC would "get the documents on file," (Exhibit 5) and followed through by filing the Stipulation. LSC provided Moates notice at each step (e.g., via email, physical mail, and the ECF system). Exhibits 5–8. Moates did not raise any contemporaneous objection, question, or challenge at the time the Stipulation was filed and when he received notice—three times—of the filing.

To the extent that Moates intended the phrase "pending the final signature" in his August 17 email to mean "after the final signature," LSC had no notice that Moates intended the phrase to have some ulterior meaning and that LSC was to wait. The parties had already agreed to the Agreement, Moates had already signed the Agreement, Moates gave permission to file pending LSC's signature, LSC informed Moates both that it would file the Stipulation, and LSC informed Moates that it had filed the Stipulation. *See* Exhibits A, 5–8. Moreover, Moates gave no notice of his abnormal usage when he authorized filing and got notice of the filing. Regardless, Moates agreed to release of all claims against LSC when he

---

[3] "Pending," *Merriam-Webster Dictionary*, https://www.merriam=webster.com/dictionary/pending (Accessed Sept. 7, 2021).

executed the Agreement. Exhibit A. Accordingly, dismissal was proper and occurred as a matter of law on August 17, 2021. FED. R. CIV. P. 41(a)(1)(A).

### 2. Dismissal was proper under the Agreement.

There was never an obligation that the Stipulation would be filed only after LSC signed the Agreement. The Agreement states: "Within two (2) business day [*sic*] from the date this Agreement is signed and returned to counsel for LSC, Student and LSC shall file a stipulation of dismissal with prejudice dismissing the Lawsuit in its entirety and as to all parties with prejudice." Exhibit A at ¶1. Moates returned the Agreement signed by him on August 13, 2021. LSC, or Moates, was therefore able to file the Stipulation at the time it did.

### B. Motions to set aside a judgment cannot provide relief from a settlement agreement.

Before addressing the requirements of Rule 60(b), it is important to distinguish between the Agreement and the Stipulation. While Moates's arguments conflate the two, they are not the same. This section (B) addresses Moates arguments regarding the Agreement. The next section (C) addresses the Stipulation.

As a threshold matter, this Court has not entered any order considering or approving the Agreement. *See* Dkt. 5. Nevertheless, Moates purports to seek a reversal of the "judgment" because of his concerns regarding the terms of the Agreement negotiated by him and to which he agreed. *See generally* Dkt. 7. What Moates actually seeks is simply relief from the Agreement. *Id.* Rule 60 cannot provide that relief.

"Rule 60(b) does not provide relief from a settlement agreement." *Evenson*, 2011 WL 3702627, at *5 (citing *Tsironis v. Bismark Hotel*, 74 F.3d 1242, at *2 (7th Cir. 1996) (table decision)); *see also Natural State Resorts, Inc. v. DKE Ent., Inc.*, 2002 WL 384465, at *4 (N.D. Tex. Mar. 7, 2002).

> In *Tsironis* the court noted that the plaintiff's request for relief under Rule 60(b) was based on the belief that, because the settlement agreement was allegedly void, the judgment was also void. *Id.* The court noted that it is a "rather odd proposition that the settlement agreement and the judgment are somehow proxies for each other[ ]" because a settlement agreement is not an order of the court but a contract between the parties. *Id.* "The court's order dismissing the case was based on the parties' stipulation of dismissal[.]" *Id.* The court also stated that the low value of a settlement does not indicate a lack of due process, and that the plaintiff's lack of understanding regarding the settlement agreement is irrelevant. *Id.* at *3.

*Evenson*, 2011 WL 3702627, at *5 (internal citations omitted).

As was the case in *Evenson*, Moates is unhappy with the deal he struck and now seeks reversal of the dismissal on a variety of theories about the validity and enforceability of the Agreement. *See generally* Dkt. 7. For instance, Moates alleges he entered the Agreement due to coercion (Dkt. 7 at 1), upon reliance of fraudulent misrepresentations (Dkt. 7 at 2), breach of contract/fraudulent misrepresentation (Dkt. 7 at 3), and that the Agreement is ambiguous or confusing (Dkt. 7 at 3). None of these allegations attack the dismissal. They all attack the enforceability of the Agreement. Whether the Agreement is enforceable is not a question the Court can or should answer because judgment has been entered upon consideration of the Stipulation, to which the Agreement was not attached or otherwise filed.

Even if the question of the validity of the Agreement were before the Court, there would be no grounds to disturb it. Moates does not establish the type of fraud or duress that would permit the Court to set aside the Agreement. "[A]bsent a showing of fraud or duress, parties are bound by the agreements that they sign, without regard to whether they regret their decisions after the fact."[4] *Evenson*, 2011 WL 3702627, at *6 (quoting *Duma v. Unum Provident*, 770 F. Supp. 2d 308, 313 (D.D.C. 2011)). Duress is "any wrongful threat of one person by words or other conduct that induces another to enter a transaction under the in-

---

[4] The lack of fraud and duress in the Stipulation is discussed in greater detail below.

9

fluence of such fear as precludes him from exercising free will and judgment." *Duma*, 770 F. Supp. 2d at 313–14 (cleaned up); *see also Jordan v. Verizon Corp.*, 2007 WL 4591924, at *12 (S.D.N.Y. Dec. 27, 2007).

As to duress, Moates alleges no fear which rendered him incapable of exercising free will. Rather, Moates's allegations appear to address alleged fraud. For example, Moates alleges that he did not have adequate time to read the agreement, *see* Dkt. 7 at 6, or that there were misrepresentations. *See id.* at 2, 3. However, the alleged fraudulent misrepresentations and acts do not establish that Moates was incapable of or prevented from reviewing written Agreement. *See generally* Dkt. 7. As another example, Moates identifies confusion regarding whom to provide service of his original suit to as a grounds for misrepresentation. *See* Dkt. 7 at 3. This "misrepresentation" is not relevant to the terms of the Agreement he ultimately entered after suit was filed and the suit was removed to this Court. Moates also alleges that there was a misrepresentation regarding how long Moates would have to review the Agreement. *Id.* However, the Agreement directly contradicts Moates's allegations:

- Moates acknowledged "he has thoroughly and carefully read this [] Agreement in its entirety, had the opportunity to review this [] Agreement with an attorney if he so chooses, had reasonable and adequate time to consider its terms, is informed and understands the meaning and effect of this [] Agreement, and without reliance of any representation made by LSC or Released Parties, except with regard to those promise made in this []Release." Exhibit A at 11, ¶ 12.
- The Agreement "is the entire agreement between the parties and no representation, warranties, or other statements or promises have been made by any party in connection with this [] Agreement." Exhibit A at 11, ¶ 16.
- Moates executed the Agreement "relying upon his own judgment (and the advice of counsel, if any), and … is not relying upon any promise, statement, representation or agreement of any agent of LSC[.]". Exhibit A at 11, ¶ 16.

Additionally, to the extent Moates argues that he was surprised by or fooled into misunderstanding terms of the Agreement, "as Texas courts have repeatedly held, a party

to a written contract cannot justifiably rely on oral misrepresentations regarding the contract's unambiguous terms." *Nat'l Prop. Holdings, L.P. v. Westeergren*, 453 S.W.3d 419, 424 (Tex. 2014). "In an arm's-length transaction the defrauded party must exercise ordinary care for the protection of his own interests. A failure to exercise reasonable diligence is not excused by mere confidence in the honesty and integrity of the other party." *Id.* (quoting *Thigpen v. Lock*, 363 S.W.2d 247, 251 (Tex. 1962) (cleaned up)). "Instead of excusing a party's failure to read a contract when the party has an opportunity to do so, the law presumes that the party knows and accepts the contract terms." *Id.*

Moates had the opportunity to read the Agreement as he had a copy of the Agreement for the day prior to signing. *Compare* Exhibit A and Exhibit 1. Indeed, Moates negotiated the language of the Agreement. *Id.* Thus, Moates had an opportunity to exercise, and represented that he had exercised, ordinary care by reviewing the Agreement and determining for himself whether any alleged statements about the Agreement were accurate. As such, there are no grounds for finding the Agreement void under either a theory of fraud or duress. In any event, Rule 60(b) does not provide for such relief.

### C. Moates has not established any grounds to set aside a judgment under Federal Rule of Civil Procedure 60(b).

Moates argues that the judgment should be set aside because: (a) LSC filed the stipulation of dismissal "despite [Moates] not consenting"; (b) documents were not properly served; (c) the settlement agreement is allegedly void; and (d) on account of alleged "degrading and abusive comments/actions." Liberally construing Moates's statements, each of these allegations likely fall within Rule 60(b)(3). Out of an abundance of caution, however, LSC briefs sub-sections (4) and (6) as well.

1. **Under Rule 60(b)(3), there has been no fraud, misrepresentation, or misconduct which warrant setting aside the judgment.**

Rule 60(b)(3) allows a party to seek relief *from a judgment* that was obtained by fraud, misrepresentation, or other misconduct of an adverse party. The burden of proof of establishing fraud is on the moving party and that fraud must be established by clear and convincing evidence. *See Diaz v. Methodist Hosp.*, 46 F.3d 492, 496 (5th Cir. 1995); *see also Natural State Resorts*, 2002 WL 384465, at *5 (holding that movant failed to provide any evidence that settlement was entered without movant's knowledge or authority). The fraud or misconduct must show that the moving party was prevented from being able to fully and fairly present the case to the court. *Knighton v. Univ. of Tex. at Arlington*, 2021 WL 2342988, at *1 (N.D. Tex. May 24, 2021) (slip op).

As addressed above, several of Moates's grounds for alleging fraud, misrepresentation, or misconduct, even were they to be accepted as true, which they are not, do not warrant reversal of the judgment. For instance, Moates consented to the Stipulation following his execution of the Agreement. *See* Exhibit 4. Moates had notice that the Stipulation would be, and that is was, filed. *Id.*; Exhibits 5–8 . Moates never raised any objection until after he did not like his final grade.

Moates also argues that the judgment should be set aside because documents were not properly served and because of "degrading and abusive comments/actions" by LSC's counsel. However, neither of these arguments establishes that Moates was unable to present his case to the Court. Rather, Moates's case was fully and fairly presented to the Court when he agreed to the Stipulation and no further issues remained for the Court to adjudicate.[5]

---

[5] For example, Plaintiff's service email is a red herring. Plaintiff argues that he "has not agreed to receive documents via email. He has only agreed to communicate with the parties via email." Dkt. 7 at 6. Plaintiff has never communicated the difference between his willingness to

There is no evidence of fraud, misrepresentation, or misconduct. Rather, the facts show that LSC provided Moates notice of the terms of the Agreement and of filing the Stipulation.

### 2. Under Rule 60(b)(4), the judgment is not void.

While under Rule 60(b)(4), a judgment can be set aside if it is void, Moates does not allege that the dismissal in this case was void. "[R]elief from judgment is available if the district court lacked subject matter jurisdiction, or if the court acted in a manner inconsistent with due process of law." *Salazar v. Owens-Ill. Salary Emp. Welfare Benefits Plan*, 2010 WL 454900, at *1 (N.D. Tex. January 26, 2010) *rec. adopted* (N.D. Tex. Feb. 10, 2010).

The Court acted consistently with its authority and due process. This matter was properly and timely removed to federal jurisdiction because this Court has original jurisdiction over federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. *See* Dkt. 1. As addressed above, no court order was necessary to effectuate dismissal due to the voluntary filing of the Stipulation by agreement of all parties who had appeared. FED. R. CIV. P. 41(a)(1)(A). As such, Rule 60(b)(4) did not apply.

### 3. Under Rule 60(b)(6), there are not grounds for extraordinary relief.

Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . [for] any other reason that justifies relief." This subsection "is a catch-all provision"

---

"communicate" via email and willingness to "receive documents." To the contrary, Plaintiff has received, signed, and returned documents via email consistently throughout this case. *See, e.g.,* Plaintiff's Exhibits A, B, F, I; LSC Exhibits 1–6, 8, 9. Plaintiff has received each communication and cannot assert that he was precluded from presenting arguments to the Court for lack of paper copy. It also doesn't matter—Moates received service by ECF via email.

Likewise, the allegation of "degrading and abusive comments/actions" that Plaintiff argues warrant setting aside the judgment are just an attention-grabber. The only allegation of "personal degrading attacks" involve the single email stating that the Plaintiff "must be consulting with Rudy Giuliani or Sidney Powell" after Moates represented that he had been told that LSC and its counsel had engaged in criminal conduct. *See* Dkt. 7 at 6. Even if Plaintiff found this comment degrading, Plaintiff cannot present evidence that this email prevented Plaintiff from presenting his case to the Court because the email Plaintiff complains of was sent 9 days after the Stipulation was filed. *Compare* Dkt. 4; Plaintiff's Exhibit L.

meant to provide relief "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002) (cleaned up).

Parties are not entitled to relitigate their claims through a Rule 60(b)(6) motion. *Evenson*, 2011 WL 3702627, at *5. Even when liberally construed in light of Moates's *pro se* status, merely recounting an unfortunate course of events or airing of grievances does not constitute the type of "extraordinary" event requiring relief. *See Salazar*, 2010 WL 454900, at *1. There are no "extraordinary" circumstances identified in Moates's Motion or otherwise.

## V. Conclusion

Moates and LSC reached a settlement in this case, memorialized in the Agreement and the Stipulation. After Moates executed the Agreement and gave LSC permission to file the Stipulation, LSC notified this court of Moates's dismissal. The Court properly granted entered a Notice of the dismissal of this case pursuant to Stipulation.

For all these reasons, LSC requests the Court enter an order: (1) denying Moates's Motion and all relief requested by him, and (2) granting LSC any and all relief to which it may entitled, at law or in equity.

Respectfully submitted,
Gray Reed & McGraw LLP

 /s/ *Stephen J. Quezada*
Stephen J. Quezada
Texas Bar No. 24076195
Fed. I.D. No.: 1348753
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Phone: 713-986-7215
Fax: 713-730-5985
squezada@grayreed.com

Attorney-In-Charge for Defendant
Lone Star College System

Of Counsel for Defendant
Lone Star College System:

Jacob A. Lewis
Texas Bar No. 24087924
Fed. I.D. No. 2888141
Gray Reed & McGraw LLP
4600 Thanksgiving Tower
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Phone 214-954-4135
Fax: 214-953-1332
jlewis@grayreed.com

## Certificate of Service

I hereby certify that on September 10, 2021, the foregoing paper was served on Plaintiff Michael Moates via email and certified mail, return receipt requested, as follows:

Michael Moates
2700 Colorado Boulevard #1526
Denton, TX 76210
michaelsmoates@gmail.com

 /s/ *Stephen J. Quezada*
Stephen J. Quezada

4834-7885-9257.1