# EXHIBIT A

# CONFIDENTIAL RELEASE AGREEMENT

This Confidential Separation and Release Agreement (the "Agreement") is made by and between Lone Star College System District ("LSC") and Michael S. Moates ("Student").

WHEREAS, "Student" includes Michael S. Moates, his heirs, assigns, and successors;

WHEREAS, Student is a current student of LSC and enrolled in BIOL 1322 and BIOL 2401;

WHEREAS, on July 29, 2021, Student filed an Original Petition, which he subsequently amended on August 5, 2021, in the 362nd Judicial District Court of Denton County, Texas, numbered 21-6417-362;

WHEREAS, on August 9, 2021, Student filed an Application for Temporary Restraining Order and Temporary Injunction in the 362nd Judicial District Court of Denton County, Texas, where it was assigned Cause No. 21-6417-362;

WHEREAS, LSC removed Student's Amended Petition, and all other related matters, from the 362nd Judicial District Court of Denton County, Texas, to the United States District Court for the Eastern District of Texas, Sherman Division, where it was assigned Civil Action Number 4:21-cv-00631;

WHEREAS, this Agreement shall collectively refer to Student's claims filed in the 362nd Judicial District Court of Denton County, Texas and subsequently removed to the United States District Court for the Eastern District of Texas, Sherman Division as the "Lawsuit;" and

WHEREAS, Student and LSC wish to resolve the Lawsuit and any and all other claims, causes of action, or disputes, known or unknown.

NOW, THEREFORE, in consideration of the mutual promises and undertakings set forth below, and other valuable consideration, the sufficiency of which is hereby acknowledged, LSC and Student agree as follows:

1. **Dismissal of Lawsuit with Prejudice.** Within two (2) business day from the date this Agreement is signed and returned to counsel for LSC, Student and LSC shall file a joint stipulation of dismissal with prejudice dismissing the Lawsuit in its entirety and as to all parties with prejudice. The stipulation shall serve to dismiss the Lawsuit with prejudice from the state court and federal court. Student agrees that, if needed to close the state court case, that an additional stipulation of dismissal with prejudice or notice of nonsuit with prejudice will be filed with the state court. Student agrees that he shall allow the Lawsuit to become finally dismissed with prejudice. Student further agrees that he waives any right to withdraw the dismissal of prejudice of the Lawsuit, seek to have the Lawsuit reopened, or otherwise request review from the court or any court of appeal. The dismissal with prejudice of the Lawsuit shall be the final disposition of the Lawsuit.

2. **Waiver of Fees and Costs.** In exchange for the final dismissal with prejudice of the Lawsuit, LSC agrees that it shall waive, and not seek, its attorneys' fees and costs associated with its defense of the Lawsuit.

3. **No Future Attendance or Application.** Student shall remain a student of LSC for the sole purpose of remaining enrolled in BIOL 1322 ("Nutrition") until that course concludes, as

determined by LSC in its normal course of administering courses, and whether or not completed by Student. Student is responsible for completing all coursework and requirements of Nutrition in the manner and in the timeframe in which they are required to be completed. Nothing in this Agreement, nor anything else, is a guarantee of Student's completion of Nutrition or any of any particular outcome. It is student's responsibility to fulfill all requirements of Nutrition in good faith and within the time/deadlines established by the course. Student's dispute of or displeasure with the ultimate outcome of Nutrition, or any other course, shall not be considered a breach of this Agreement. This Agreement makes no promise regarding the completion or outcome of Nutrition or any other course. Moreover, nothing in this Agreement shall modify Student's obligation to comply with LSC policies or meet LSC standards as he completes Nutrition, or otherwise. Nothing herein modifies LSC's ability to enforce its policies. Student agrees that he shall not at any time enroll in, apply to attend, or petition to attend, any other courses or offerings at LSC, or any LSC affiliated or related institution, or otherwise attend LSC, or any LSC affiliated or related institution, in any manner. Such agreement includes any course or offering no matter whether a cost is associated with it. Student also agrees that in the event he knowingly or unknowingly enrolls or becomes enrolled in any course or offering at LSC, or any LSC affiliated or related institution, that he will withdraw from such course or offering and/or cease attendance immediately upon notice from LSC. LSC shall be under no obligation to reimburse Student for any cost, including, but not limited to tuition and fees, for any course or offering from which he is required to withdraw or cease attending pursuant to this Agreement. LSC shall also be under no obligation to code Student's withdrawal or cessation of attendance in any particular manner. Student's obligation to withdraw or cease attendance is without regard to any deadlines regarding withdrawal or whether such withdrawal or cessation will impact student's grade(s), grade point average, degree plan, or any other factor or consideration. Student's agreement to not attend LSC in the future shall not be classified as a suspension or expulsion.

4. **Reimbursement of Tuition.** LSC agrees that it shall reimburse Student for tuition actually paid to LSC for the BIOL 1322 and BIOL 2401 courses. That amount is One Thousand Four Hundred Eleven and 00/100 Dollars ($1,411.00) (the "Reimbursement Amount"). LSC shall pay student the Reimbursement Amount within fourteen (14) days from the date that Student executes and submits to counsel for LSC the Confidential Supplemental Release Agreement.

5. **Withdrawal of BIOL 2401.** In exchange for the promises herein, student shall withdraw from BIOL 2401 ("A&P"). Student's withdrawal from the course shall be coded as a withdrawal "with good cause."

6. **TPIA Requests.** Student agrees that this resolution satisfies the matters that are subject of his requests submitted to LSC under the Texas Public Information Act. Accordingly, student agrees that LSC need not respond to his TPIA requests and that he has submitted, on his own volition and prior to the execution of this Agreement, a withdrawal of the previously submitted TPIA requests, as the requests are moot.

7. **General Release.** In exchange for the dismissal of the Lawsuit with prejudice and LSC's waiver of its attorneys' fees and costs associated with the Lawsuit, Student, does hereby voluntarily, knowingly, and intentionally FULLY, FINALLY and UNCONDITIONALLY RELEASE and FOREVER DISCHARGE LSC Released Parties, jointly and severally, from, and DISCLAIM, WAIVE and RENOUNCE any and all claims and causes of action, including all those asserted or which could have been asserted in the Lawsuit, whether legal, equitable, or administrative, and whether presently known or unknown, which Student or his heirs, successors or assigns may have or claim to have against LSC and/or the Released Parties arising on or before the date of Student's signature on this Agreement (hereafter "Claims"). "Released Parties" includes LSC's

past, present and future predecessors, successors, subsidiaries, parents, affiliates, officers, trustees, directors, members, managers, staff, faculty, students, former students, fiduciaries, representatives, attorneys, agents and assigns. "Released Parties" also includes all those named in the Lawsuit, Hrisafia Bekiaris, Jess Kelly, Leslieann Thomas, Christopher Allen, and Alicia Guevara, and all their respective heirs, successors, and assigns, personally and in their respective capacities at LSC. Such release includes, but is not limited to, the following:

(a) claims arising under federal, state or local laws or regulations regarding students or prohibiting discrimination or retaliation such as, without limitation, on the basis of disability or engaging in protected activity;

(b) all claims arising out of or in any way related to related to Student's attendance or the conclusion of his attendance at LSC and any alleged promises, oral or in writing, with Student made by LSC and/or the Released Parties;

(c) all claims related to payments made by Student to LSC;

(f) all claims for personal injury, harm, emotional distress or other damages (whether intentional or unintentional), including but not limited to all tort claims and claims for fraud, negligence, gross negligence, privacy, negligent misrepresentation, biometrics, misrepresentation, and defamation; and

(g) all alleged injuries, losses, liabilities, or damages of any kind whatsoever caused to or suffered by Student by any actions or inactions of LSC and/or the Released Parties, and all other claims or causes of action whatsoever which Student may have, whether presently known or unknown, against LSC and/or the Released Parties arising on or before the date of Student's signature on this Agreement.

Student specifically acknowledges that he intends his release of claims in this Agreement to be as broad as is legally possible, that it is not necessary to identify every conceivable claim that could possibly exist in his favor against LSC and/or the Related Entities, and that he understands the scope of the release he gives in this Agreement. This release is binding on Student, and his representatives, heirs, and assigns.

Excluded from the Claims waived and released in the foregoing release are any claims or rights which cannot be waived by law and any claim arising from any breach of this Agreement by LSC. Nothing in this Agreement shall be construed to restrict or prevent Student from filing a charge or complaint with any state or federal administrative agency or from participating in an investigation or proceeding conducted by such administrative agency. However, Student understands and recognizes that even if a charge or complaint is filed by Student or on Student's behalf with an administrative agency, Student will not be entitled to any damages relating to any event which occurred prior to Student's execution of this Agreement or the date on which Student signs the Confidential Supplemental Release Agreement. Nothing in this Agreement is intended to interfere with Student's rights under federal, state or local civil rights or fair educational practice laws to institute a charge of discrimination, participate in any such agency proceeding, or cooperate in an investigation by any such agency. Such institution, participation or cooperation by Student is expressly not considered a breach of any provision of this Agreement, including without limitation those provisions pertaining to confidentiality, non-disparagement, or cooperation.

8. **Supplemental Release.** In exchange for the promise to pay the Reimbursement Amount, Student shall execute the Confidential Supplemental Release Agreement, attached hereto as Exhibit A, no sooner than the completion or conclusion of Nutrition and no later than August 31, 2021.

9. **No Pending Claims.** Student represents and warrants that, other than those claims asserted in the Lawsuit (which are being released in this Agreement), there are no other pending claims asserted by Student or on Student's behalf, including, but not limited to, claims pending before the United States Department of Justice, the United States Department of Education, or Texas Higher Education Coordinating Board. The fact that Student has no claims pending, other than those in the Lawsuit, is a material term of this Agreement and a representation on which LSC is fundamentally relying in order to enter into this Agreement. If any claims are pending and LSC is requested to respond to such claims, in addition to returning the Reimbursement Amount as described in Paragraph 10, Student also agrees that he shall reimburse LSC for all attorneys' fees reasonably incurred in enforcing this Paragraph 9.

10. **Breach by Student.** If Student breaches any term in this Agreement, then LSC shall not reimburse Student as described in Paragraph 4. If LSC has already reimbursed Student as described in Paragraph 4 when Student breaches this Agreement, Student shall return the Reimbursement Amount, less One Dollar ($1.00), to LSC within five (5) business days of LSC's request for the same. LSC reserves the right, and does not waive, to recover any and all other damages allowed by law or in equity.

11. **Tax Disclosures.** Student expressly acknowledges that LSC has made no representations to him regarding the tax consequences of the payments he will or may receive pursuant to this Agreement. Student agrees that he is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, including but not limited to excise taxes, if applicable, whether not related to Section 409A of the Internal Revenue Code of 1986 as amended, that are required by law to be paid by Student with respect to the payments outlined in this Agreement.

12. **No Admission of Liability.** Nothing contained in this Agreement, and no action taken by any party to this Agreement, shall be construed as an admission by any party of liability of any kind, and any action taken by any party in effectuating this Agreement may not be used or referenced in any future or pending litigation involving any of the parties to this Agreement, or any other party.

13. **Non-Disparagement.** Student agrees not to disparage or make negative comments or statements (directly or indirectly), whether during or after his attendance concludes, regarding LSC or the Released Parties or to otherwise interfere with LSC's or the Released Parties' operations. Student further agrees both during or after his attendance concludes, not to solicit, encourage, advise, or assist others in bringing claims against LSC. LSC agrees that it will not make an Official Statement disparaging Student. An "Official Statement," as used herein, is one that is in writing and approved and signed by the Chancellor and General Counsel.

14. **Confidentiality.** The terms of this Agreement shall be held in strictest confidence by Student at all times and Student shall not publicize or disclose them in any manner whatsoever; *provided*, *however*, that Student may disclose this Agreement: (i) to Student's immediate family; or (ii) to Student's attorney, accountant, and financial advisor; *provided*, *however*, that such disclosure shall only be made if such parties are made aware of this confidentiality provision and agree, in writing, to abide by it. Student may also disclose this Agreement and its terms as

required by court order or other government process or as required to enforce this Agreement. Should a disclosure of the Agreement be required by court order or other government process, Student agrees to: (i) promptly notify LSC, prior to any disclosure; (ii) at LSC's request and expense, to take all reasonably necessary steps to defend against such process or claims; (iii) permit LSC to participate with counsel of its choice in any proceeding relating to any such court order, other government process or claims; and (iv) not make any disclosures of the Agreement beyond what is required by law.

15. **No Filings of Claims.** Student hereby covenants and agrees not to file a lawsuit in any court or tribunal or to bring any cause of action (whether by way of direct action, counterclaim, cross-claim, or interpleader) in any manner whatsoever based upon any matter directly or indirectly related to any claims released in this Agreement. Provided, however, nothing herein shall be construed to preclude either party from bringing suit to enforce or challenge this Agreement or for breach of this Agreement.

16. **No Assignment or Liens.** Student warrants and represents that he has not assigned any claims released by the Agreement and that there are no liens or claims of lien or assignments in law or in equity or otherwise on or against any potential claims or causes of action released herein, and, further, that Student is fully entitled to and duly authorized to give the general release and waiver in this Agreement.

17. **Severability.** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and to this end, the provisions of this Agreement are declared to be severable. No term or provision hereof will be deemed waived and no breach excused unless such waiver or consent will be in writing and signed by the waiving/consenting party.

18. **Knowing and Voluntary.** Student agrees that he has thoroughly and carefully read this Agreement in its entirety, had the opportunity to review this Agreement with an attorney if he so chooses, had reasonable and adequate time to consider its terms, is informed and understands the meaning and effect of this Agreement, and knowingly and voluntarily entering into this Agreement, and without reliance of any representation made by LSC or Released Parties, except with regard to those promises made in this Agreement.

19. **Choice of Law.** This Agreement shall be interpreted and construed in accordance with the laws of the State of Texas, and state or federal courts in Harris County, Texas shall have exclusive jurisdiction.

20. **Copies.** Any photo or digital copy of this Agreement is equally as valid as an original copy.

21. **Counterparts.** This Agreement may be executed in counterparts.

22. **Entire Agreement.** This Agreement is the entire agreement between the parties and no representation, warranties, or other statements or promises have been made by any party in connection with this Agreement. Any modifications to this Agreement can only be made in writing and must be signed by Student and an authorized representative of LSC. Student expressly warrants and represents that no promise, statement, representation or agreement that is not herein expressed has been made to Student in connection with or as an inducement for Student's execution of this Agreement. Student further warrants and represents that Student, in executing this Agreement: (i) is relying upon his own judgment (and the advice of counsel, if any),

and (ii) is not relying upon any promise, statement, representation or agreement of any agent of LSC or the Related Entities that is not expressly contained in this Agreement. Student understands LSC and the Related Entities are relying upon Student's representations in this Paragraph by entering into this Agreement with Student.

_____ 	 8/13/2021
Michael S. Moates 	 Date

Stephen Head (Aug 18, 2021 09:08 CDT) 	 Aug 18, 2021
Lone Star College System District 	 Date
Authorized Representative

[END OF DOCUMENT]

# EXHIBIT A

## CONFIDENTIAL SUPPLEMENTAL RELEASE AGREEMENT

This Confidential Supplemental Release Agreement (the "Supplemental Release Agreement") is made by and between Lone Star College System District ("LSC") and Michael S. Moates ("Student").

In consideration of the mutual promises and undertakings set forth below, and other valuable consideration, the sufficiency of which is hereby acknowledged, LSC and Student agree as follows:

1.  **Reimbursement of Tuition.** LSC agrees that it shall reimburse Student for tuition actually paid to LSC for the BIOL 1322 and BIOL 2401 courses. That amount is One Thousand Four Hundred Eleven and 00/100 Dollars ($1,411.00) (the "Reimbursement Amount"). LSC shall pay student the Reimbursement Amount within fourteen (14) days from the date that Student executes and submits to counsel for LSC this Supplemental Release Agreement.

2.  **General Release.** In exchange for the Reimbursement Amount, Student, does hereby voluntarily, knowingly, and intentionally FULLY, FINALLY and UNCONDITIONALLY RELEASE and FOREVER DISCHARGE LSC Released Parties, jointly and severally, from, and DISCLAIM, WAIVE and RENOUNCE any and all claims and causes of action, including all those asserted or which could have been asserted in the Lawsuit, whether legal, equitable, or administrative, and whether presently known or unknown, which Student or his heirs, successors or assigns may have or claim to have against LSC and/or the Released Parties arising on or before the date of Student's signature on this Supplemental Release Agreement (hereafter "Claims"). "Released Parties" includes LSC's past, present and future predecessors, successors, subsidiaries, parents, affiliates, officers, trustees, directors, members, managers, staff, faculty, students, former students, fiduciaries, representatives, attorneys, agents and assigns. "Released Parties" also includes all those named in the Lawsuit, Hrisafia Bekiaris, Jess Kelly, Leslieann Thomas, Christopher Allen, and Alicia Guevara, and all their respective heirs, successors, and assigns, personally and in their respective capacities at LSC. Such release includes, but is not limited to, the following:

    (a)  claims arising under federal, state or local laws or regulations regarding students or prohibiting discrimination or retaliation such as, without limitation, on the basis of disability or engaging in protected activity;

    (b)  all claims arising out of or in any way related to related to Student's attendance or the conclusion of his attendance at LSC and any alleged promises, oral or in writing, with Student made by LSC and/or the Released Parties;

    (c)  all claims related to payments made by Student to LSC;

    (f)  all claims for personal injury, harm, emotional distress or other damages (whether intentional or unintentional), including but not limited to all tort claims and claims for fraud, negligence, gross negligence, privacy, negligent misrepresentation, biometrics, misrepresentation, and defamation; and

    (g)  all alleged injuries, losses, liabilities, or damages of any kind whatsoever caused to or suffered by Student by any actions or inactions of LSC and/or the

Released Parties, and all other claims or causes of action whatsoever which Student may have, whether presently known or unknown, against LSC and/or the Released Parties arising on or before the date of Student's signature on this Supplemental Release Agreement.

Student specifically acknowledges that he intends his release of claims in this Supplemental Release Agreement to be as broad as is legally possible, that it is not necessary to identify every conceivable claim that could possibly exist in his favor against LSC and/or the Related Entities, and that he understands the scope of the release he gives in this Supplemental Release Agreement. This release is binding on Student, and his representatives, heirs, and assigns.

Excluded from the Claims waived and released in the foregoing release are any claims or rights which cannot be waived by law and any claim arising from any breach of this Supplemental Release Agreement by LSC. Nothing in this Supplemental Release Agreement shall be construed to restrict or prevent Student from filing a charge or complaint with any state or federal administrative agency or from participating in an investigation or proceeding conducted by such administrative agency. However, Student understands and recognizes that even if a charge or complaint is filed by Student or on Student's behalf with an administrative agency, Student will not be entitled to any damages relating to any event which occurred prior to Student's execution of this Supplemental Release Agreement. Nothing in this Supplemental Release Agreement is intended to interfere with Student's rights under federal, state or local civil rights or fair educational practice laws to institute a charge of discrimination, participate in any such agency proceeding, or cooperate in an investigation by any such agency. Such institution, participation or cooperation by Student is expressly not considered a breach of any provision of this Supplemental Release Agreement, including without limitation those provisions pertaining to confidentiality, non-disparagement, or cooperation.

3. **No Pending Claims.** Student represents and warrants that there are no pending claims asserted by Student or on Student's behalf, including, but not limited to, claims pending before the United States Department of Justice, the United States Department of Education, or Texas Higher Education Coordinating Board. The fact that Student has no claims pending is a material term of this Supplemental Release Agreement and a representation on which LSC is fundamentally relying in order to enter into this Supplemental Release Agreement. If any claims are pending and LSC is requested to respond to such claims, in addition to returning the Reimbursement Amount as described in Paragraph 4, Student also agrees that he shall reimburse LSC for all attorneys' fees reasonably incurred in enforcing this Paragraph 3.

4. **Breach by Student.** If Student breaches any term in this Supplemental Release Agreement, then LSC shall not reimburse Student as described in Paragraph 1. If LSC has already reimbursed Student as described in Paragraph 1 when Student breaches this Supplemental Release Agreement, Student shall return the Reimbursement Amount, less One Dollar ($1.00), to LSC within five (5) business days of LSC's request for the same. LSC reserves the right, and does not waive, to recover any and all other damages allowed by law or in equity.

5. **Tax Disclosures.** Student expressly acknowledges that LSC has made no representations to him regarding the tax consequences of the payments he will or may receive pursuant to this Supplemental Release Agreement. Student agrees that he is solely and entirely responsible for the payment and discharge of all federal, state, and local taxes, if any, including but not limited to excise taxes, if applicable, whether not related to Section 409A of the Internal

Revenue Code of 1986 as amended, that are required by law to be paid by Student with respect to the payments outlined in this Supplemental Release Agreement.

6. **No Admission of Liability.** Nothing contained in this Supplemental Release Agreement, and no action taken by any party to this Supplemental Release Agreement, shall be construed as an admission by any party of liability of any kind, and any action taken by any party in effectuating this Supplemental Release Agreement may not be used or referenced in any future or pending litigation involving any of the parties to this Supplemental Release Agreement, or any other party.

7. **Non-Disparagement.** Student agrees not to disparage or make negative comments or statements (directly or indirectly), whether during or after his attendance concludes, regarding LSC or the Released Parties or to otherwise interfere with LSC's or the Released Parties' operations. Student further agrees both during or after his attendance concludes, not to solicit, encourage, advise, or assist others in bringing claims against LSC.

8. **Confidentiality.** The terms of this Supplemental Release Agreement shall be held in strictest confidence by Student at all times and Student shall not publicize or disclose them in any manner whatsoever; *provided, however*, that Student may disclose this Supplemental Release Agreement: (i) to Student's immediate family; or (ii) to Student's attorney, accountant, and financial advisor; *provided, however*, that such disclosure shall only be made if such parties are made aware of this confidentiality provision and agree, in writing, to abide by it. Student may also disclose this Supplemental Release Agreement and its terms as required by court order or other government process or as required to enforce this Supplemental Release Agreement. Should a disclosure of the Supplemental Release Agreement be required by court order or other government process, Student agrees to: (i) promptly notify LSC, prior to any disclosure; (ii) at LSC's request and expense, to take all reasonably necessary steps to defend against such process or claims; (iii) permit LSC to participate with counsel of its choice in any proceeding relating to any such court order, other government process or claims; and (iv) not make any disclosures of the Supplemental Release Agreement beyond what is required by law.

9. **No Filings of Claims.** Student hereby covenants and agrees not to file a lawsuit in any court or tribunal or to bring any cause of action (whether by way of direct action, counterclaim, cross-claim, or interpleader) in any manner whatsoever based upon any matter directly or indirectly related to any claims released in this Supplemental Release Agreement. Provided, however, nothing herein shall be construed to preclude either party from bringing suit to enforce or challenge this Supplemental Release Agreement or for breach of this Supplemental Release Agreement.

10. **No Assignment or Liens.** Student warrants and represents that he has not assigned any claims released by the Supplemental Release Agreement and that there are no liens or claims of lien or assignments in law or in equity or otherwise on or against any potential claims or causes of action released herein, and, further, that Student is fully entitled to and duly authorized to give the general release and waiver in this Supplemental Release Agreement.

11. **Severability.** If any provision of this Supplemental Release Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Supplemental Release Agreement and to this end, the provisions of this Supplemental Release Agreement are declared to be severable. No term or provision hereof will be deemed waived and no breach excused unless such waiver or consent will be in writing and signed by the waiving/consenting party.

12. **Knowing and Voluntary.** Student agrees that he has thoroughly and carefully read this Supplemental Release Agreement in its entirety, had the opportunity to review this Supplemental Release Agreement with an attorney if he so chooses, had reasonable and adequate time to consider its terms, is informed and understands the meaning and effect of this Supplemental Release Agreement, and knowingly and voluntarily entering into this Supplemental Release Agreement, and without reliance of any representation made by LSC or Released Parties, except with regard to those promises made in this Supplemental Release Agreement.

13. **Choice of Law.** This Supplemental Release Agreement shall be interpreted and construed in accordance with the laws of the State of Texas, and state or federal courts in Harris County, Texas shall have exclusive jurisdiction.

14. **Copies.** Any photo or digital copy of this Supplemental Release Agreement is equally as valid as an original copy.

15. **Counterparts.** This Supplemental Release Agreement may be executed in counterparts.

16. **Entire Agreement.** This Supplemental Release Agreement is the entire agreement between the parties and no representation, warranties, or other statements or promises have been made by any party in connection with this Supplemental Release Agreement. Any modifications to this Supplemental Release Agreement can only be made in writing and must be signed by Student and an authorized representative of LSC. Student expressly warrants and represents that no promise, statement, representation or agreement that is not herein expressed has been made to Student in connection with or as an inducement for Student's execution of this Supplemental Release Agreement. Student further warrants and represents that Student, in executing this Supplemental Release Agreement: (i) is relying upon his own judgment (and the advice of counsel, if any), and (ii) is not relying upon any promise, statement, representation or agreement of any agent of LSC or the Related Entities that is not expressly contained in this Supplemental Release Agreement. Student understands LSC and the Related Entities are relying upon Student's representations in this Paragraph by entering into this Supplemental Release Agreement with Student.

SIGNED AND AGREED TO:

_____     _____
Michael S. Moates                                                       Date

_____     _____
Lone Star College System District                              Date
Authorized Representative

[END OF DOCUMENT]